BARCELÓ, PLAINTIFF–APPELLANT, v. DÍAZ, DEFENDANT–
APPELLANT.

APPEAL from the District Court of Humacao in an Action
to Recover for Professional Services.

No. 2176.—Decided March 14, 1921.

ATTORNEY AND CLIENT—PROFESSIONAL SERVICES.—Although the term ''professional
services'' does not always necessarily include things done by an agent, at-
torney in fact, or other representative, yet in an action brought by an at-
torney to recover for professional services rendered to the defendant at his
request ''as his counsellor, consultant and advocate in all matters affecting
his interests and person,'' the plaintiff is not bound by a narrow interpreta-
tion of that term, which should be construed in connection with the contract
for services, for if an attorney's act is neither illegal nor criminal, he may
recover generally for rendering any services he has been requested to per-
form, and he may, therefore, under the single cause of action for profes-

sional services, include in a bill of particulars ordered by the court and recover from the defendant not only strictly professional services, but also services rendered in connection with or as incidental to his general capacity as counsellor or representative and within the terms of the contract.

The facts are stated in the opinion.

*Mr. M. Benítez Flores* for the plaintiff–appellant.

*Mr. L. Llorens Torres* for the defendant–appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein alleges, among other things:

"1. That the plaintiff is an attorney practicing before the courts of Porto Rico.

"2. That during the concluding months of 1914 the defendant engaged the professional services of the plaintiff, who acted as his counsellor, consultant and advocate in all matters affecting his interests and person.

"3. That from such time until the end of October, 1917, plaintiff has represented defendant professionally in all matters and business transactions."

A bill of particulars demanded by the defendant and filed pursuant to an order of the court contains the following items:

"1914. — Investigation, consideration and prosecution of the necessary steps, by verbal instruction of the defendant, in connection with the sale of a house belonging to the latter to the Vieques School Board, necessitating automobile trips to San Juan on different occasions for that purpose; expenses and time employed for defendant's account, said house having been sold for the sum of $11,500, amount stipulated by defendant in payment of plaintiff's services,_ $1,000.00

"1915.—Verbal consultation and investigation for the purpose of rescinding a contract for passage of a railroad of José J. Benítez through the Arkadia settlement, in which connection plain-

tiff was summoned to San Juan; trip in
automobile, time employed and expenses,     $250.00

"1915.—Verbal consultation and examina-
tion of all the documents connected
with the winding up of an agricultural
association with José J. Benítez of Vie-
ques, in the 'Paraiso' sugar cane settle-
ment at Fajardo; examination of title
deeds in the registry of property, sev-
eral automobile trips to San Juan and
Humacao, expenses and time employed
for account of plaintiff,_____     500.00

"1915, April.—Examination and investiga-
tion under express powers conferred by
special power of attorney executed in
the office of notary Joaquín López Cruz
of Fajardo of all the books of account
of the firm of Díaz & Aboy and of the
Arkadia Sugar Company from July,
1904, to September, 1915, in connection
with the accounts of Luis M. Cintrón,
Cintrón & Aboy and Aboy, Vidal & Co.,
whose books of account were also au-
dited, occasioning the opening of new
books, and finally as the books, corre-
spondence and vouchers were removed
from San Juan to Fajardo to the plain-
tiff's own office there in order to strike
the general balance. In this connection
plaintiff had to make more than twelve
automobile trips to San Juan, remain-
ing two or three days on each occasion
while the examination was being con-
ducted in said city, and to work day
and night during the last ten days in
Fajardo on account of the urgency with
which defendant needed the work.—11
accounting periods of one year each,
revised, at $500_____     5,500.00

                                          _____
                                          $7,250.00

"Less: Value of a 'Packard' motor car received by the plaintiff from the defendant at the close of the revision of the books of account before mentioned, which car was sent to the former by the latter in appreciation of the efforts, energy and efficiency displayed by the plaintiff in this matter, according to the defendants' own statement,-------- $3,000.00

                                                        $4,250.00

"1916.—Studying, preparing and prosecuting, in accordance with defendant's verbal instructions, the sale of his interest in the firm of Díaz & Aboy and in other properties of the Arkadia Sugar Company, to which end the plaintiff had a number of interviews with Ramón Aboy Benítez, one of the principal owners and representing other interests, and with José J. Benítez, the purchaser, from whom he finally obtained $56,250 over and above the amount which José J. Benítez and the other owners represented by the latter obtained for larger or at least equal interests. In this matter the plaintiff had to prepare a number of notes as it became necessary to overcome the difficulties that stood in the way of the closing of the transaction up to the making of the appropriate extrajudicial· instrument with various copies pending the consummation of the contract by public instrument. The plaintiff had to get the signatures of all the respective parties to the private document. He also had to go to the adjacent island of Vieques in representation of the defendant in order there to turn over the properties sold and to prepare a deed of inven-

tory which was signed by both con-
tracting parties and instrumental wit-
nesses. The plaintiff also found it
necessary to attend to the amplification
and amendment of the testamentary
record of the property of defendant's
deceased wife, who died some years
ago, because in the original record no
mention was made of the identical
property forming part of the assets
of the firm of Díaz & Aboy, acquired
during the marriage, as community
property of the spouses Carlota Long-
pré Benítez and José Agustín Díaz
Gómez, it being therefore necessary
also to obtain leave of the court to
make said sale in the name of the
minor children, issue of said marriage.
It was also necessary for the plaintiff
to attend personally to the payment in
the Treasury of Porto Rico of the in-
heritance fees due on the property
omitted and unpaid when due, making
it necessary to show to the satisfaction
of the Treasurer of Porto Rico the
good faith surrounding such omission
in order to avoid the imposition of the
corresponding fine. The testamentary
proceedings, together with the liquida-
tion of the property, were prosecuted
and terminated by the plaintiff and
attorney José de Guzmán Benítez, the
plaintiff taking upon himself the task
of procuring everything necessary to
prepare the necessary documents, of
searching for data and of obtaining
certificates, and finally presenting the
record to the court for approval. The
plaintiff also was required to act
as attorney for José Agustín Díaz
Gómez and his minor children in the

action brought against them in the
District Court of Humacao by Ramón
Aboy Benítez to have them ratify the
partnership agreement of Díaz &
Aboy, which contract was pending of
record in the registry of property, said
record being denied admission on ac-
count of the failure of the wife of
José Agustín Díaz Gómez to appear
at the execution thereof or to express
her consent thereto. These proceed-
ings were necessary in order finally to
execute the deed of sale to José J. Be-
nítez, two separate documents having
been drawn up, one embracing the sale
to said José J. Benítez for an amount
similar to that of Ramón Aboy and
others in interest and another docu-
ment or deed of acquittance in favor
of José J. Benítez for the sum of
$56,250 received by the defendant in
a check from the latter as an addi-
tional payment in the said transaction.
Finally, the plaintiff had to intervene
in the concluding operations of the Ar-
kadia Sugar Company looking to the
payment of the dividends due to José
Agustín Díaz Gómez in said corpora-
tion.   Value of plaintiff's services in
all these transactions_____ $25,000.00
"Less: Defendant's check No. 91 on the
American Colonial Bank for_____  15,000.00
                                    _____ $10,000.00
"1916.—Action in the District Court of Humacao in
the name of Cándido Gómez and by order and for
account of the defendant for the administration
of the cane plantations 'Brignoni' and 'Berros'
belonging to Aboy & Shaw to recover the sum of
$3,312.50, this account having been allowed by the
District Court of Humacao on August 17, 1916,
on motion by the plaintiff after he had established

the validity thereof by oral and documentary evidence. Defendant agreed to pay the plaintiff one-half of the amount recovered as fees_____ $2,156.25

"1916.—Dominion title proceedings brought for account of the defendant in favor of the children of his brother Aureo Díaz, plaintiff defraying expenses and disbursements_____ 200.00

"1916.—Absolute power executed by the plaintiff as notary in favor of his daughter María Esther, necessitating a trip to Humacao for that purpose___ 50.00

"1916.—Studying and preparing a holographic will disposing of all his property and making a specific distribution thereof in a very special and discriminating manner_____ 5,000.00

"1916.—Taking steps, according to verbal instructions, for the sale of the machinery of the Arkadia Sugar Company. Trips to Carolina, Coamo and Ponce for that purpose_____ 300.00

"1917.—Further consultation regarding his accounts with Ramón Aboy Benítez with a view to the filing of an action to recover $45,000, plaintiff advising against such action after conferring one whole day with the defendant at his office in Fajardo, and considering and investigating all the points raised by the defendant_____ 100.00

"1917.—For various steps in matters relating to summonses in the San Juan and Humacao courts, in which some of his employes and relatives were interested, plaintiff having delegated some of the matters to attorney Eugenio Benítez Castaño, who appeared once before the Municipal Court of San Juan and again before the Municipal Court of Humacao _____ 500.00

"Total _____ $22,556.25
"Voluntary discount_____ 7,556.25

"Balance due_____ $15,000.00"

Defendant moved to strike the first, fourth, fifth, eighth, ninth and tenth items as containing matter foreign to the

averments of the complaint and impertinent to the cause of action stated, and at the same time moved for an additional bill as to the second, third, sixth, eleventh and twelfth items upon the theory that these did not contain the specifications and details ordered by the court.

In overruling this motion the trial judge made the following statement:

"It seems that the defendant contends that as the plaintiff is an attorney and sues for 'the recovery of professional fees' he is not justified in including in the complaint steps taken by him in other than his capacity as such attorney. But if the wording of the third allegation of the complaint, which engenders the cause of action, be noted, it will clearly appear that the defendant sought the plaintiff's professional services in all matters connected with his interests and person. Consequently, according to the contract which gave rise to the action, the plaintiff is entitled to include in one single action, all the services rendered by him for the benefit of the plaintiff in compliance with his request, because they all spring from the same agreement.

"The other feature of the motion, namely, the contention that certain items of the bill of particulars are not properly defined, is without force, inasmuch as said items have been prepared with as much detail and unambiguity as the circumstances permit in view of the nature of the case."

Defendant thereupon demurred to the complaint upon the following grounds:

"I. That the court has no jurisdiction over the subject matter of the action brought in so far as the same relates to the professional services claimed to have been rendered outside of this district of Humacao.

"This objection is based upon the special Act for the recovery of attorneys' fees providing that said actions shall be brought in the courts of the place where the services have been rendered and before the court in which they were utilized.

"The complaint, as amplified by the bill of particulars, contains the following item:

" 'For various steps in matters relating to summonses in the San Juan and Humacao courts, in which some of his employes and

relatives were concerned, plaintiff having delegated some of the matters to attorney Eugenio Benítez Castaño, who appeared once before the Municipal Court of San Juan and again before the Municipal Court of Humacao.'

"There are likewise other items alleging services rendered out of this jurisdiction and before other courts of justice.

"II. That the complaint *per se*, and as amplified by the bill of particulars, does not state facts sufficient to constitute the action brought as to the professional attorney fees claimed.

"III. That the complaint *per se*, and as amplified by the bill of particulars, does not state facts sufficient to constitute the action brought as to the services claimed which were not rendered professionally; namely, services as agent, attorney in fact, accountant, and others not included in the profession of an attorney.

"IV. That there has been an improper joinder of actions in the complaint.

"This objection is based upon the theory that although it is true that all actions are included in the group of contracts express or implied to which section 104 of the Code of Civil Procedure refers, nevertheless such actions cannot be joined, since it is provided that the trial shall be held at different places and since, according to the special act regulating the matter, the proceeding for the recovery of attorney fees is not the same as the ordinary proceeding for the recovery of the value of services not professional.

"V. That the complaint is ambiguous, unintelligible and uncertain. This objection is based on the vague and equivocal manner in which the fundamental allegation of the complaint is presented, to wit:

"'3. That during the concluding months of 1914 the defendant engaged the professional services of the plaintiff, who acted as his counsellor, consultant and advocate in all matters affecting his interests and person.'

"Such allegation is ambiguous by reason of the multiplicity of contracts it may comprise without specifying or defining them; and it is unintelligible and uncertain because it really does not properly show whether it has reference to the services of an attorney exclusively or whether it embraces other services not professional.

"Consequently, said allegation has given rise to the interpretation by this party that it refers only to the services of an attorney, whereas the court has interpreted it in the sense that it also includes services not professional."

This demurrer was overruled for reasons stated thus:

"  *   *   * that said objections are more applicable to the bill of particulars filed by the plaintiff under instruction of this court rather than to the plaintiff's complaint.

"In view of the nature of the action and the cause of action laid, the facts stated in the complaint are sufficient. In order to pass upon the objections raised by the defendant, the court must be guided by the complaint alone, disregarding what is contained in the bill of particulars, which is not an allegation and forms no part of the complaint; and since the court is of the opinion that the latter meets all the requirements attached to the cause of action laid, the demurrer must be overruled."

Defendant appeals from a judgment for $4,350.25 rendered after a trial on the merits.

Bitter complaint is made of the action of the trial court in basing its refusal to strike from the bill of particulars certain items upon the theory that the third averment is broad enough to include non-professional as well as professional services and in thereafter overruling the demurrer to such complaint as amplified by the said bill of particulars, upon the ground that this document could not be regarded as a part of the complaint in passing upon such demurrer. In so far as the two rulings in question are open to this interpretation they are obviously open to criticism as inconsistent, and if unsupported by any other theory the judgment perhaps could not be permitted to stand. But the trial judge does not say in so many words that the services specified in the bill are non-professional services, although it must be conceded that the reference to a single contract as the origin and source of all the services rendered lends some color to the view, not otherwise entirely untenable, taken by the appellant. If the language used may be construed in the light of the theory more definitely announced in finally disposing of the case (and it is by no means clear that the germ of this idea was not already taking form in the mind of the court), then perhaps the controlling·thought in the

order overruling the motion to strike, although somewhat vaguely expressed, may be that under the broad terms of the contract for professional services described in the third averment, the services specified in the bill of particulars were not necessarily non-professional. And if this be true, whether so understood by the court or not at the time, then the matters covered by the bill of particulars do not constitute a distinct cause of action that should have been separately stated in the complaint, but are included in the general statement as to the scope of the agreement set up in the complaint and as to the nature of the services alleged to have been rendered thereunder. The demurrer, therefore, was properly overruled, whether the complaint be regarded as standing alone and without reference to the bill of particulars, or whether it be considered as including and construed in connection with the items contained in such bill. It follows that the mere inconsistency in question can hardly be regarded as prejudicial and therefore as sufficient ground for reversal.

It has been laid down as a general rule, and the theory of the court below in disposing of the case on its merits was, that ''provided an attorney's act is neither illegal nor criminal, he may generally recover for rendering any services he has been requested to perform.'' 6 C. J. 747.

Appellant insists in his brief that the court erred:

First. In overruling the motion to strike and for an additional bill;

Second. In overruling the demurrer in so far as the same was based upon the want of necessary allegations and upon the ground of ambiguity, unintelligibility and uncertainty;

Third. In overruling the demurrer in so far as based upon want of jurisdiction and misjoinder of actions;

Fourth. In having admitted certain evidence of non-professional services;

Fifth. In permitting plaintiff to prove acts done as an

attorney without first having established the relation of attorney and client;

Sixth. In admitting evidence as to services not included in the bill of particulars;

Seventh. In weighing the testimony of witness Guzmán Benítez;

Eighth. In admitting as evidence (a) record No. 4534 involving services rendered to the succession of Lauro Díaz and not to defendant José Agustín Díaz and (b) record No. 2130, which does not involve services rendered to defendant Díaz;

Ninth. In admitting secondary evidence of documents said to be in possession of defendant without a previous subpoena *duces tecum*;

Tenth. In ruling that without that writ such evidence is admissible;

Eleventh. In overruling the numerous objections interposed by the defendant to questions propounded during the course of the trial;

Twelfth. In admitting the public and private documents introduced in evidence over the objection of the defendant;

Thirteenth. In permitting various hypothetical questions to be put to expert witnesses over objection upon the ground that such questions were not based upon the evidence;

Fourteenth. In overruling a motion for nonsuit; and

Fifteenth. In weighing the evidence as a whole upon rendering judgment for the plaintiff.

The argument under the first assignment is summed up by the appellant as comprising the following propositions:

1. That the complaint states a single cause of action;

2. That the only action stated in the complaint is one for the recovery of professional services as an attorney;

3. That no action for any kind of services other than professional is stated in the complaint;

4. That the phrase "professional services" does not in-

clude other services such as those rendered by an agent, attorney in fact (*mandatario*), administrator, etc.

The soundness of the first three of these propositions may be conceded. It is also true, as shown by the extensive citation and quotation from textbooks and authorities, that the term "professional services" does not always necessarily include things done by an agent, attorney in fact, or otherwise performed in a representative capacity. But the voluminous brief of the appellant discloses no solid base for the conclusion that in an action by an attorney for professional services rendered both in and out of court under a contract of the sort described in the complaint herein, the plaintiff is bound by the narrow interpretation so sought to be placed upon the words in question. Under the same liberal rule announced in the text from Corpus Juris, *supra,* the matters outlined in the bill of particulars, with the possible exception of the small item covering the sale of machinery, are clearly within the scope of the action now before us. And even this item, for which the plaintiff recovered only $200, seems to have been incidental to, if indeed it should not have been included in, one of the larger transactions.

That the tireless energy and extensive research of counsel for the appellant has not enabled him to present any authority directly in point and squarely opposed to the general rule invoked by the court below is most significant.

The extended argument under the second assignment is likewise summed up by the appellant in this wise:

1. That when compensation for professional services is claimed an averment as to the reasonable value of such services is enough;

2. When the claim is for non-professional services either the consideration agreed upon, or, in lieu thereof, the sanction of custom, must be alleged;

3. That where a power of attorney is involved it is likewise necessary to allege either an agreed consideration, or

that the plaintiff is accustomed to act as such attorney in fact.

The first of these propositions is not open to argument. It forms the basis of the judgment appealed from. The premises involved in the second and third we have shown to be false.

The third assignment is based upon the rules established by the former Code of Civil Procedure in regard to compensation for services rendered in the course of litigation before the courts. The whole argument hangs upon articles 8, 12, 426, 427 and 428 of that code as interpreted by Manresa and other commentators and said to have continued in force under the doctrine announced in *Ex parte Caraballo,* 9 P. R. R. 295, and *Jiménez* v. *Brenes,* 10 P. R. R. 124. The conclusion so reached by the appellant is:

First. That the claim for services rendered in court must be presented to the court wherein such services were rendered.

Second. That the pleading must include a sworn and detailed memorandum of the services in question.

It will suffice to say that the said provisions of the former Code of Procedure were superseded by the new Code of Civil Procedure adopted in 1904 and other laws enacted from time to time since the American occupation, and that the cases cited are not in point.

The fourth assignment merely raises in another form the same question involved in the motion to strike certain items from the bill of particulars. There is no argument whatever in support of the fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth assignments, which, for this reason, do not demand serious consideration.

Under the seventh assignment it is suggested, without showing that the testimony of attorney Guzmán Benítez is open to the inference, that both he and plaintiff herein were

attorneys for the firm of Díaz & Aboy rather than for José Agustín Díaz, defendant herein, in the litigation with José Benítez for a servitude of right of way. The testimony of this witness covers some sixty pages of the two-volume record herein, which contains in turn something less than a thousand pages, and the appellant leaves to us the task of finding some basis for the conclusions sought to be drawn from this and other parts of the transcript. In the circumstances we do not feel that it is incumbent upon us to scrutinize the record in order to ascertain whether or not all of the various questions so indicated are wholly without merit.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.